IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CYNTHIA SHARKEY et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>**STRYKER CORPORATION and STRYKER SALES CORPORATION,**<br><br>　　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:09CV536 DAK<br>Case No. 2:09CV624 DAK<br>Case No. 2:09CV1002 DAK<br>Case No. 2:09CV1061 DAK |

This matter is before the court on a Motion to Consolidate Stryker Pain Pump Cases for the Purposes of Trial, filed buy the Group II Plaintiffs' and Plaintiff Jason Kaufusi (collectively, "Plaintiffs").[1]  The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Plaintiffs argue that the Utah Group II cases and the *Kaufusi* case involve common issues of fact and law concerning the same defendants, the same product (Stryker's pain pump), the

---

[1] Movants are the Plaintiffs in the following cases:  *Cynthia Sharkey v. Stryker Corp. et al.*, Civil No. 2:09-cv-536-DAK-PMW; *George Limantzakis v. Stryker Corp. et al.*, Civil No. 2:09-cv-624-DAK-PMW; *Brandon Rauen et al. v. Stryker Corp. et al.*, Civil No. 2:09-cv-1002-DAK-PMW; and *Skyler Nielsen v. Stryker Corp. et al.*, Civil No. 2:09-cv-1061-DAK-PMW (collectively, the "Utah Group II cases"), together with plaintiff in *Jason Kaufusi et al. v. Stryker Corporation et al.*, Case No. 2:11-cv-535-DAK.

same signature injury (glenohumeral chondrolysis), identical theories of recovery, and nineteen of the same expert witnesses. Additionally, they contend, the Utah Group II cases and *Kaufusi* are all before this Court, and the same counsel represents the parties in the Utah Group II cases and Kaufusi. Consolidation of the Utah Group II cases with *Kaufusi* for the purposes of trial would serve the interests of judicial economy, avoid the unnecessary duplication of effort, and guard against the risk of inconsistent adjudications.

Defendants oppose the consolidation of the *Kaufusi* case with the other Group II Cases[2] based on the likelihood of juror confusion with the many witnesses in the *Kaufusi* case that differ from the witnesses in the other cases; the prejudice that could result from Kaufusi's lost income claim, which differs significantly from the other parties' claims both in kind and magnitude; the prejudice and confusion in joining the claims of a noted local athlete with the moving parties' claims; the prejudice from such a late request for consolidation; and the prejudice from the moving parties' apparent attempt to force a settlement through the consolidation motion.

The court agrees with Defendants that consolidation of the *Kaufusi* case with the Group II cases is not appropriate. Given the significantly different issues involved in the *Kaufusi* case, along with the relatively late filing of the motion to consolidate, Defendants would be prejudiced by such a consolidation. Moreover, the court does not agree with Plaintiffs that the *Kaufusi* case and the Group II cases could be tried in the days allotted on the court's calendar for the *Kaufusi* trial, even if the court extended the *Kaufusi* trial for the four days mentioned by Plaintiffs. Thus,

---

[2] Indeed, Defendants oppose the consolidation of the Group II Cases for trial purposes, but the court has previously ruled that these cases will be consolidated for trial. See Order Regarding Trial Protocol, *Creech v. Stryker*, Case No. 2:07CV22, Docket No. 115.

for the reasons set forth by Defendants in their Memorandum in Opposition, the court denies Plaintiffs' Motion to Consolidate Stryker Pain Pump Cases for the Purposes of Trial.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Consolidate Stryker Pain Pump Cases for the Purposes of Trial [Docket No. 97] is DENIED.

DATED this 15th day of August, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge